FILED
SUPERIOR COURT
OF GUAM

2024 APR -2 PH 4: 45

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF THE ESTATE** | **PROBATE CASE NO. PR0090-21** |
| **OF** | |
| **CARMELINA JARINA OUANO,** | **DECISION AND ORDER DENYING EXECUTOR'S MOTION FOR RECONSIDERATION** |
| Deceased. | |

This matter came before the Honorable Dana A. Gutierrez on January 4, 2024, for a hearing on a Motion for Reconsideration (Sept. 14, 2023) filed by Executor James J. Ouano's ("James"). Present at the hearing was James with counsel Attorney Phillip Torres, and Attorneys Minakshi V. Hemlani and Yusuke Haffeman-Udagawa appearing on behalf of heir Carmel O. Paule ("Carmel"). Based upon the arguments presented and applicable law, the Court **DENIES** James's Motion for Reconsideration.

## BACKGROUND

On June 30, 2022, James filed an Amended First and Final Account of Executor and Petition for Distribution ("Amended Petition"), along with an Amended Inventory and Appraisement ("Amended Inventory"). Both the Amended Petition and the Amended Inventory claim that three lots of real property in Tamuning and one house in Dededo—collectively, the "four properties"— were the property of Carmelina Jarina Ouano ("Decedent") and thus property of her Estate.

The Court heard the Amended Petition on April 13, 2023. There, counsel for James informed the Court that he had recently "looked at this case again" and concluded there were "issues" related to the ownership of the four properties. Min. Entry, 10:12 AM (April 13, 2023).

Counsel explained that he now believed that Decedent had not owned the four properties, but merely held the properties "in trust" for her two children. *Id.* at 10:13 AM. Accordingly, counsel asserted that the two children were "now the owners" of the four properties, while Decedent (and thus her Estate) held "no interest at all" in the properties. *Id.* at 10:15 AM. Counsel also floated the possibility of reopening the estate of Decedent's spouse, Segundo Dela Cruz Ouano (the "Segundo Estate"), to determine how to settle title to the properties. *Id.* at 10:17 AM.

After hearing James's new position, the Court issued its Decision and Order Denying Amended First and Final Account of Executor and Petition for Distribution ("Decision and Order") on August 11, 2023. The Court reasoned that because the Amended Petition and Amended Inventory assert the four properties belong to the Estate, and since the Executor orally represented that this is incorrect, the Amended Inventory does not contain an "oath that the inventory . . . contains a true statement of all of the estate of the decedent" as required by 15 GCA § 2611. Dec. & Order at 6 (Aug. 11, 2023). The Court further reasoned that this state of affairs meant that the Estate was not "in proper condition to be closed," as required by 15 GCA § 2705, and therefore denied the Amended Petition. *Id.*

On September 14, 2023, James filed his Motion for Reconsideration under Guam Rule of Civil Procedure ("GRCP") 59(e)[1] and Local Rules of the Superior Court of Guam, Civil Local Rule ("CVR") 7.1(i). Carmel filed her Opposition to the Motion for Reconsideration, primarily arguing James had failed to meet the standard for reconsideration. *See generally* Opp. Mot. Reconsideration (Oct. 12, 2023). James filed a Reply on October 27, 2023. The Court heard the motion on January 4, 2024. After the hearing, the Court took the matter under advisement.

---

[1] In her Opposition, Carmel argued James's motion was untimely under GRCP 59(e) because the text of that rule permits filings only "no later than 10 days after entry of judgment." GRCP 59(e). At the hearing, James stated that notice of entry on the docket was not received until September 6, 2023. Min. Entry, 10:37 AM (Jan. 4, 2024). This is consistent with the Court's case file, which notes that the original notice was returned to the Judiciary undelivered. *Id.* at 10:38 AM. Upon learning James did not receive notice until September 6, 2023, Carmel represented that she would no longer "make an issue of the timeliness" or "push" the issue further. *See id.* Thus, the objection based on timeliness under GRCP 59(e) has been withdrawn.

## DISCUSSION

### A. The Court Reviews James's Motion for Reconsideration Under CVR 7.1(i)

James's Motion for Reconsideration is brought under CVR 7.1(i) and GRCP 59(e). Mot. Reconsideration at 4-5. CVR 7.1(i) applies generally to petitions and provides the circumstances in which a party may move the Court to reconsider its prior orders. Therefore, the Court agrees that CVR 7.1(i) applies here.

By contrast, GRCP 59(e) permits a court to "alter or amend a judgment." But the Court's Decision and Order is not a "judgment," because it is not "the final determination of the rights of the parties" in this case. 7 GCA § 21101. The Court's denial of the Amended Petition was solely on procedural grounds; it never reached the merits of the Amended Petition and did not bar James from correcting and refiling the petition. Although there is some Guam case law suggesting that a court *may* use GRCP 59(e) to reconsider non-final orders, *see, e.g., DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21, there is no corresponding Guam case law holding that a court *must* do so. Because CVR 7.1(i) clearly applies in this context, while it is ambiguous as to whether it is proper to apply GRCP 59(e), the Court will confine its analysis to the CVR 7.1(i) standard.[2]

### B. The Court Denies James's Motion for Reconsideration

CVR 7.1(i) permits reconsideration under three circumstances:

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

---

[2] Even if the Court were to separately analyze under GRCP 59(e) and its "clear error" standard, this would not change the Court's analysis. As explained below, the Court maintains that its prior analysis was not erroneous, much less clearly erroneous.

CVR 7.1(i). James argues, under CVR 7.1(i)(3), that "[t]he Court's Decision and Order amounts to a manifest failure to consider material facts, resolve the ultimate issues of the probate property and, thus, amounts to a manifest injustice to the Estate." Mot. Reconsideration at 6. James states "[t]he status of the Estate properties have never been conveyed and although the legal issue was before this Court, it was not decided." *Id.* at 4. He argues, in effect, that the Court erred in failing to conduct a full analysis of the Estate's ownership interests in the four properties. *See* Mot. Reconsideration at 3-4.[3]

After reviewing the prior Decision and Order, the Court reaffirms that it did not (and did not intend to) make any judicial finding as to the ownership of the four properties. The Court did not reach that issue. Instead, the Court denied the Amended Petition because it was procedurally deficient. In its Decision and Order, the Court recognized that the personal representative of an estate must "take and subscribe an oath that the inventory . . . contains a true statement of all of the estate of the decedent." 15 GCA § 2611. At the hearing for the Amended Petition, counsel for James represented that he now believed the Amended Inventory was incorrect. The Court thus denied the Amended Petition because James effectively revoked the required "oath" under 15 GCA § 2611 that the Amended Inventory contains a true statement of the Estate's assets.

To grant reconsideration in order to "do an analysis of the Objection, Amended Objection, and oppositions thereto" and decide "the status of the Estate properties" would be fruitless now, just as it would have been in April 2023. Mot. Reconsideration at 4. No matter what these analyses might reveal, none would overcome the Court's holding that the Amended Petition cannot proceed

---

[3] In his Motion, James appears to argue that Court erred by failing to decide the ownership of the four properties. At the Motion Hearing, however, James appeared to take the position that the Court *did* make a finding—that the Estate does not own the four properties—but did so solely based on the oral representations of his counsel. *See* Min. Entry, 10:48 AM (Jan. 4, 2024). While these positions appear to be mutually exclusive, it is ultimately irrelevant because neither is correct. As explained below, the Court could not reach the ownership issue due to a procedural bar. James's first position is wrong because the Court did not err in declining to decide the issue; the second is wrong because the Court did not make a finding.

for lack of a valid oath under 15 GCA § 2611. Meanwhile, James has not challenged the Court's application of 15 GCA § 2611, argued the Court could or should have waived compliance with the statute, or argued he actually did comply with the statute. Nor has James argued that his counsel's oral representations that the Estate does not own the four properties was incorrect. The Court therefore has no basis to reconsider its application of 15 GCA § 2611, and since that procedure continues to apply here, the requested analyses are moot. The end result of any such analysis would inevitably still be the denial of the Amended Petition under 15 GCA § 2611. It would be a poor use of judicial resources to analyze the ownership interests only to deny the Amended Petition on procedural grounds again, and the Court will not do so.[4]

The Court reaffirms that it has made no finding as to ownership of the four properties, nor has it relied on the position orally advanced by James's counsel in April 2023 to reach any substantive issues in this case. In the Court's view, the April 2023 position taken by James's counsel is not, and has never been, properly before the Court for substantive purposes. Nothing in the Guam Probate Code gives a party the authority to modify its probate petition orally. If James believes the Court must take further action based on a position that the Estate does not own the four properties, the Court will not act unless that position is put before the Court in writing, such as by a new Amended Petition. Likewise, if it is now James's position that the Segundo Estate must be reopened, that also cannot be granted merely upon an oral request.[5] It is the Court's position that since nothing has been put before the Court in writing to reflect the April 2023 position of James's counsel, which would provide opposing counsel the opportunity to respond,

---

[4] The same is true of the other determinations James appears to seek: the time in which the transfer of ownership allegedly occurred, Mot. Reconsideration at 3; whether Carmel should have requested leave of court before filing an Amended Objection, *id.*; and whether a valid trust instrument was created to control the four properties, *id.* at 5. A decision on any or all of these issues still could not save the Amended Petition from procedural deficiency.

[5] Moreover, it is unclear to the Court on what basis it would have jurisdiction to order the verbal re-opening of a separate probate case.

the Court can take no action based on that position. This leaves nothing for the Court to consider, or reconsider, at this time.

To be clear: James is not precluded from amending his documents in this case to reflect his current positions on the assets owned by *this* Estate. Neither is he precluded from pursuing his positions in whatever collateral proceedings he believes necessary, whether by re-opening the Segundo Estate or otherwise.

## CONCLUSION

Based on the above analysis, the Court hereby **DENIES** James's Motion for Reconsideration.

**SO ORDERED** APR 0 2 2024 .

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
P. torres, M. Hemlani
Yusuke Hmtymm -udagaua
Date: 4/2/24 Time: 5pm

Deputy Clerk, Superior Court of Guam